## In re HARRISON, Bankrupt.

*(District Court, D. New Jersey.   December 11, 1884.)*

BANKRUPTCY—NEGLIGENCE OF ATTORNEY—DISCHARGE.

Where six years has been allowed to elapse by the attorney of a bankrupt without obtaining his discharge, such negligence will be imputed to the bankrupt, and he will be *held* responsible for such delay, and, on motion of his creditors, the proceedings may be dismissed.

On Motion to Dismiss, etc.

*Riker & Riker,* for petitioners.

*Samuel Kalisch,* for bankrupt.

NIXON, J.   This is an application to dismiss bankruptcy proceedings for want of prosecution.   It is admitted in the testimony, by stipulation of the parties, that the debtor filed his petition for the benefit of the bankrupt act on April 29, 1878; that the petitioning creditors, on this motion, have a claim resting in judgment on promissory notes for $14,500 and upwards; that an order for reference was made to the register on the day of filing the petition, requiring the debtor to appear before him on May 11, 1878, on which day an adjudication of bankruptcy was duly entered, and a warrant issued to the marshal, returnable June 4th, and was returned unexecuted; that no other steps were taken until May 22, 1884, when an *alias* warrant was issued, which also was returned unexecuted; that on July 5, 1884, a second *alias* warrant was handed to the marshal, returnable September 17, 1884, and that before the said return-day the petition of the opposing creditors was presented to the court, asking for the dismissal of the proceedings on the ground of *laches* in the bankrupt.   More than six years elapsed between the adjudication of bankruptcy and the service of any warrant upon the bankrupt.   His present attorneys, not controverting the delay, seek to put the responsibility of the same upon his former attorney, and there is certainly evidence that he has been most negligent in prosecuting the case.   It is not clear to what extent a client should be held responsible for the laches of his attorney.   It is difficult to lay down any general rule upon the subject, but each case must be left to its own circumstances.   It may be said, however, that whilst courts should be indulgent to suitors who are prejudiced by the neglect and delays of those to whom they have committed the management of their business, there is a limit to such indulgence.   In the present case the creditors had a right to assume, after the lapse of six years, that the bankrupt had abandoned the proceedings, and especially since in one instance, at least, he had renewed the notes of a creditor which were about to be barred by the statute of limitations.

I must hold that the culpable neglect of the attorney will not excuse the bankrupt for the long delay, and that he must hold him responsible for all damages which he may suffer for such neglect. The motion to dismiss is granted.